IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00853-BNB

RONALD ROHN,

    Plaintiff,

v.

CURTIS WYNESKY, Deputy Sheriff,
CARMELA NESTOR, Deputy Sheriff, and
TOM NESTOR, Sheriff,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Ronald Rohn, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado.  Mr. Rohn has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated.  He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Rohn is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Rohn will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint is deficient because the due process, equal protection,

and cruel and unusual punishment claims Mr. Rohn asserts are vague and conclusory. Mr. Rohn contends that his home was burglarized while he was confined at the Detention Center in Lincoln County, Colorado, resulting in a loss of more than $20,000.00 worth of personal property. The named Defendants are Lincoln County Deputy Sheriffs Curtis Wynesky and Carmela Nestor and Lincoln County Sheriff Tom Nestor. Mr. Rohn specifically alleges that he reported the burglary and was interviewed by Deputy Sheriffs Wynesky and Carmela Nestor about it, but failed and refused to investigate the burglary or file a police report regarding it. Mr. Rohn alleges that Sheriff Tom Nestor "was aware of the situation" but "failed to investigate or even try to find out why his Deputy's [sic] did not/where [sic] not acting on the claimant(s) [sic] request to file a police report about his home being burglarized." (ECF No. 1 at 6.)

Vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Rohn's claims in the Prisoner Complaint are vague and conclusory because he fails to allege specific facts that demonstrate his constitutional rights have been violated. With respect to his due process claim, "the law is clear that there is no 'constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.'" *White v. City of Toledo*, 217 F. Supp.2d 838, 841 (N.D. Ohio 2012) (quoting *Doe v. Mayor and City Council of*

*Pocomoke City*, 745 F. Supp. 1137, 1138 (D. Md. 1990). "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989); *see also Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) ("Plaintiff does not have a federal due process right to a police investigation.").

With respect to the equal protection claim, it is clear that "the state may not discriminate in providing [police] protection." *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988). However, Mr. Rohn fails to provide specific allegations that demonstrate he intentionally was treated differently than any similarly situated individual. *See Price-Cornelison v. Brooks*, 524 F.3d 1103, 1109-10 (10th Cir. 2008) (discussing elements of an equal protection claim). Mr. Rohn's vague allegation that Defendants committed misconduct by "not treating the clamiant [sic] as an individual who was not incarcerated" (ECF No. 6 at 4) is not sufficient to demonstrate his constitutional right to equal protection was violated.

Mr. Rohn's cruel and unusual punishment claim fails to allege facts that demonstrate he was subjected to inhumane conditions of confinement or that any Defendant acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

Mr. Rohn must file an amended complaint if he wishes to pursue his claims in this action. For each claim he asserts in the amended complaint, Mr. Rohn "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).  Thus, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).  Accordingly, it is

ORDERED that Mr. Rohn file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Rohn shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Rohn fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 9, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge