IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00853-REB-KLM

RONALD ROHN,

    Plaintiff,

v.

DEPUTY SHERIFF CURTIS WYNESKY,
DEPUTY SHERIFF CARMELA NESTOR, and
SHERIFF TOM NESTOR,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** [#13][1]. The Court ordered Plaintiff to show cause "as to why this case should not be dismissed for his failure to comply with the Local Rules and to prosecute this lawsuit." *Order to Show Cause* [#13] at 2. Plaintiff's deadline for compliance with the Order to Show Cause [#13] was August 8, 2014. To date, Plaintiff has neither filed a response to the Order to Show Cause nor contacted the Court in any manner.

    Although Plaintiff is proceeding in this lawsuit without an attorney, he bears the responsibility of prosecuting his case with due diligence. The Court must liberally construe pro se filings; however, pro se status does not excuse the obligation of any litigant to

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order and Recommendation.

comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As noted in the Order to Show Cause:

> On May 14, 2014, the Court issued two Orders in this matter: Order Reassigning Case [#7] and Order Referring Case [#10]. On May 21, 2014, the two envelopes addressed to Plaintiff containing these two Orders were returned to the Court as undeliverable [##11, 12]. Both were marked "not at address" by the Colorado Department of Corrections and each bears the notation "not here" handwritten on the front of the envelope addressed to Plaintiff. The United States Postal Service printed on each envelope: "Return to sender, not deliverable as addressed, unable to forward." [##11, 12]. Plaintiff has not contacted the Court formally or informally since the Orders were returned as undeliverable.

*Order to Show Cause* [#13] at 1-2.

In addition, on July 14, 2014, the Order to Show Cause [#13] sent to Plaintiff by the Clerk of the Court was also returned as undeliverable [#14]. D.C.COLO.LCivR 11.1(d) requires that any change of address (or other contact information) be noticed to the Court within five days of such change. Plaintiff is thus under a continuing obligation to inform the Court of any changes in his contact information. To date, the docket does not reflect the filing of a notice by Plaintiff regarding an address change. Plaintiff has failed to update his present contact information with the Court and, thus, the Court and Defendants have no means of contacting him in connection with this litigation.

The Court warned Plaintiff in the Order to Show Cause that his failure to comply with the Local Rules could result in a recommendation that this matter be dismissed due to Plaintiff's failure to prosecute the lawsuit. *Order to Show Cause* [#13] at 2. Given Plaintiff's failure to comply with the instruction stated in the Order to Show Cause [#13], the Court

considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no intention of seeking resolution of this matter on the merits. Plaintiff has failed to update his present contact information with the Court and, thus, the Court and Defendants have no means of contacting him in connection with this

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

3

litigation. Further, Plaintiff has disobeyed a direct order of the Court by failing to file a response to the Order to Show Cause regarding his intent to prosecute this case. These facts demonstrate that Plaintiff has abandoned his lawsuit, and consideration of the above-stated *Ehrenhaus* factors weigh in favor of dismissal without prejudice.[3] Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#13] is **MADE ABSOLUTE**. Thus,

IT IS HEREBY **RECOMMENDED** that Plaintiff's 28 U.S.C. § 1343 and 42 U.S.C. § 1983 Amended States Prisoner Complaint [#6] be **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

---

[3] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).

F.3d 1057, 1060 (10th Cir. 1996).

Dated:  September 2, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge